UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR FRANK KOZINA,<br><br>        Plaintiff,<br><br>    v.<br><br>PONIE JACKSON,<br><br>        Defendant. | Case No. 2:23-cv-201-DJC-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 14) |

    Plaintiff Vladimir Frank Kozina asserts claims for copyright infringement and unfair competition/ trade practices against Defendant Ponie Jackson a/k/a Ponie Ryan, seeking monetary damages, punitive damages, an injunction, and other relief. Compl. (ECF No. 1). Defendant has not made an appearance in this action, and on April 19, 2023, Clerk's Default was entered against her. (ECF No. 9.) Presently pending before the Court is Plaintiff's motion for default judgment (ECF No. 14), which Defendant has not opposed and was taken under submission without argument pursuant to Local Rules 230(c) and 230(g).[1] Plaintiff's motion for default judgment is DENIED without prejudice. In addition, the Complaint is DISMISSED with LEAVE TO AMEND.

/ / /

---

[1] This motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1)(A).

1

## I. BACKGROUND

### A. Facts

The Complaint alleges that Plaintiff has two registered copyrights: (1) VAU001378161, a graphic of a full-frontal ram created in 2007 and registered on August 12, 2019; and (2) VAU001381368, a visual graphic of a jumping ram in front of a letter block SM created in 2014 and registered on August 12, 2019. Compl. ¶ 4. Plaintiff has licensed both copyrights through a charitable donation to Saint Mary's High School in Stockton, California, and has not licensed the copyrights to any other person or entity. *Id.* at ¶ 7.

The Complaint further alleges that Defendant, an individual, falsely presents herself as a school photographer "to gain entry into [] various venues, including high schools, athletic events and other youth sports primarily in the Stockton and San Joaquin County area." Compl. ¶ 9. Defendant allegedly has published and sold photographs and posters that have incorporated Plaintiff's copyrights "in excess of 500 times." *Id.* at ¶ 10. Plaintiff first became aware of Defendant's alleged infringement in 2022, and sent Defendant a cease and desist letter on October 18, 2022. *Id.* at ¶¶ 11-12. Defendant allegedly represented to consumers that her use of the copyrights was permitted, "induc[ing] members of the general public to purchase photographs, posters and other consumer goods" featuring the Works. *Id.* at ¶ 14.

### B. Procedural Posture

Plaintiff filed the Complaint on January 31, 2023, asserting claims for copyright infringement (17 U.S.C. § 106) and unfair competition/ trade practices (Cal. Bus. Code § 17200) against Defendant. Compl. The Complaint seeks statutory, compensatory, and punitive damages; disgorgement of profits; and an order enjoining Defendant's use of the copyrights, among other relief. *Id.* Plaintiff is a licensed California attorney and represents himself in this matter. *See id.* at 1 (caption); 10/23/2023 Declaration of Vladimir F. Kozina at 1 (ECF No. 11); 10/24/2023 Declaration of Vladimir F. Kozina at 1 (ECF No. 14-2); 12/4/2023 Declaration of Vladimir F. Kozina at 1 (ECF No. 16). On

February 1, 2023, the Clerk of the Court issued the summons and filed a "Report on the Filing or Determination of an Action or Appeal Regarding a Copyright" under 17 U.S.C. § 508. (EFC No. 4-3.)

On March 29, 2023, Plaintiff filed a notice of execution of summons. (ECF No. 5.) This notice indicated that on March 8, 2023, a third party process server personally served on Defendant a copy of the summons, the Complaint, the 17 U.S.C. § 508 Copyright Report, and other case documents. (ECF No. 5.) Despite this personal service, Defendant did not respond to the Complaint or make an appearance. *See* Docket. On April 18, 2023, Plaintiff requested entry of default (ECF No. 8), which was entered by the Clerk the following day (ECF No. 9).

On October 20, 2023, the assigned district judge ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute. (ECF No. 10.) On October 23, 2023, Plaintiff responded to the order to show cause, stating that he "forgot to follow up" due to other client matters, including trials in May and June 2023, and arbitration and mediation work. 10/23/2023 Kozina Decl. at 1-2. On October 24, 2023, Plaintiff moved for default judgment against Defendant in a half-page long motion. (ECF No. 12.) The motion was improperly set before the district judge, so Plaintiff was ordered to re-notice the motion before the assigned magistrate judge. (ECF No. 13.) On November 14, 2023, Plaintiff refiled the motion for default judgment, but incorrectly set it for a hearing before a different magistrate judge who was not assigned to the case. (ECF No. 14.) On November 16, 2023, the Court issued a minute order re-setting Plaintiff's motion for a December 19, 2023 hearing before the assigned magistrate judge and directing Plaintiff to personally serve Defendant with a copy of the default judgment motion and the minute order. (ECF No. 15*.*)

On December 4, 2023, Plaintiff filed a declaration indicating personal service had been attempted in compliance with the Court's November 16, 2023 minute order. (ECF No. 16.) This declaration indicates a third party process server attempted to serve Defendant six times between November 22, 2023 and December 3, 2023, with no

3

success. *Id.* at Exh. A (12/4/2023 Process Server Affidavit of Reasonable Diligence). Service was attempted at the same address at which Defendant was previously and successfully served. *Id*. at 2. Defendant did not respond to the motion for default judgment, and so the assigned magistrate judge took Plaintiff's motion under submission for resolution on the written briefing. (ECF No. 17.) Upon retirement of the magistrate judge, the case was reassigned to the undersigned. (ECF No. 18.)

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible. *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.

2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default and the plaintiff bears the burden to prove damages through some evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence. As there is no other evidence, aside from the factual allegation in the Complaint, that Defendants acted willfully, the Court cannot find that such was the case.") (internal citation omitted).

### III. DISCUSSION

Before turning to the default judgment motion, the Court first addresses two preliminary matters: jurisdiction and the construction of the pleadings given that Plaintiff is a licensed attorney representing himself in this lawsuit.

#### A. Jurisdiction

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal copyright law, 17 U.S.C. § 101, et seq. The Court has supplemental jurisdiction over the state law unfair competition claim under 28 U.S.C. § 1367, given the relatedness of the claims. *See* Compl. In addition, the Court has personal jurisdiction over Defendant, who is a

California resident. *Id*. at ¶ 2. The Court's jurisdiction analysis is not a finding that the claims were sufficiently pled.

### B. No Liberal Construction of Pleadings

The Ninth Circuit has held that the liberal pleading standard typically afforded to pro se parties does not apply to pro se parties who are attorneys. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023) ("The circuits that have reached the issue speak with one voice: they have uniformly declined to extend the liberal pleading standard to pro se attorneys."). Plaintiff is an attorney licensed in California, a fact that Plaintiff has submitted under oath in his declarations submitted in support of his motion for default judgment. 10/24/2023 Kozina Decl. at 1; 12/4/2023 Kozina Decl. at 1. The Complaint's caption also lists Plaintiff's state bar license number and law firm. Compl. at 1. Therefore, the Court reviews the pleadings in this case <u>without</u> the liberal construction afforded to pro se parties who are not attorneys. *See Huffman*, 81 F.4th at 1020-21.

### C. Default Judgment

#### 1. Service of Complaint

In reviewing a motion for default judgment, the Court must first determine whether Defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Plaintiff personally served Defendant on March 8, 2023 with the summons, Complaint, Copyright Report, and other initial case documents. Proof of Service (ECF No. 5). Accordingly, Defendant was properly served.

#### 2. Deficient Motion for Default Judgment

Plaintiff's motion for default judgment is three sentences long and has no argument, legal analysis, or citation to legal authority. *See* Pl. Mot.[2] The entire motion is presented here:

> Plaintiff, Vladimir Frank Kozina, moves the court pursuant to

---

[2] The motion for default judgment also attaches a brief declaration from Plaintiff that he is a licensed attorney, the defendant is not in the United States military, judgment should be entered in the amount requested, and that Plaintiff is not seeking attorney fees. *See* 10/24/2023 Kozina Decl.

> Rule 55(b) Federal Rules of Civil Procedure to enter Default Judgment in favor of Plaintiff, Vladimir F. Kozina, and against Defendant, Ponie Jackson AKA Ponie Ryan, in the amount of $375,000 on the ground that Default has been entered against Defendant by the Clerk for failure to answer or otherwise defend, a copy of which is attached hereto as **Exhibit A**.
>
> The Defendant is not in the Military Service of the United States as more particularly shown in the Affidavit of Vladimir F. Kozina attached hereto as **Exhibit B**.
>
> Judgment is requested accordingly.

Pl. Mot. (emphasis in original).

Courts, including this district court, regularly deny default judgment motions that are deficient. *See S.A. ex rel. L.A. v. Exeter Union Sch. Dist.*, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) (denying default judgment motion as deficient that contained no caselaw); *Szabo v. Southwest Endocrinology Assoc. PLLC*, 2021 WL 3411084, at *1 (D. Ariz. July 27, 2021) ("[M]otions for default judgment—at least successful ones—are typically fully developed, such that the Court has ... all that is necessary" to award relief.); *Studio 010 Inc. v. Digital Cashflow LLC*, 2024 WL 2274320, at *2 (W.D. Wash. May 20, 2024) ("Plaintiff's motion for default judgment contained *no* caselaw in support of Plaintiff's commercial disparagement claim, despite the fact that it was Plaintiff's "burden to demonstrate to the Court that under the pertinent law, [Plaintiff's] claims, as alleged, [we]re legally sufficient.") (emphasis in original) (internal quotation marks and citation omitted); *see also Very Music Inc. v. Kid Glove Prods., Inc.*, 2016 WL 6674991, at *3 (C.D. Cal. Apr. 28, 2016) (finding two-page motion with only one sentence of legal analysis insufficient to justify granting default judgment, and proceeding to analyze the motion despite deficiency because defendants submitted a substantive opposition, and denying motion for default judgment). This is because "[i]t is the party's burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient." *S.A. ex rel. L.A.*, 2009 WL 1953462 at *3; *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (a sufficient basis for default judgment is "akin to that necessary to survive a motion to dismiss for failure to

state a claim"); *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, 2022 WL 80324, at *2 (N.D. Ohio Jan. 7, 2022); *IOU Cent., Inc. v. Kailani Tours Hawaii, LLC*, 2021 WL 806340, at *2 (N.D. Ga. Feb. 24, 2021) ("A plaintiff's burden at the default judgment stage is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'") (quoting *Surtain*, 789 F.3d at 1245); *Garcia v. Client Resol. Mgmt., LLC*, 2020 WL 2732345, at *3 (S.D. Fla. May 26, 2020).

Here, it is clear that Plaintiff's motion is woefully deficient. Plaintiff, a licensed attorney, provides no legal analysis, no argument, and no legal authority in his three sentence-long motion. The law governing motions for default judgment is well-established and counsel was presumably well aware of the consistently cited and applied *Eitel* factors. *See Eitel*, 782 F.2d at 1471-72. Plaintiff has failed to carry his burden. *See S.A. ex rel. L.A.*, 2009 WL 1953462 at *3; *Nat'l Auto Grp.*, 2022 WL 80324 at *2; *IOU Cent.*, 2021 WL 806340 at *2; *Garcia*, 2020 WL 2732345 at *3. The Court therefore denies Plaintiff's deficient motion for default judgment without prejudice. Plaintiff is warned that filing another deficient motion for default judgment will result in a recommendation that this lawsuit be dismissed.

### 3. *Eitel* Factors

Though the Court denies the motion for default judgment without prejudice, the Court turns to the *Eitel* factors because its assessment of the *Eitel* factors leads the Court to conclude that the Complaint is deficient.[3] The Court therefore dismisses the Complaint with leave to amend because Plaintiff may be able to cure its defects. Plaintiff is instructed to ensure that any amended pleading cures defects identified below, if such

---

[3] Even if the Court had not concluded that Plaintiff's motion for default judgment was deficient, the Court finds that the second and third *Eitel* factors are not established, which is sufficient grounds for denying a motion for default judgment. *See Akrura Pte. Ltd. v. Apero Techs. Group*, 2024 WL 2982971, at *1 (C.D. Cal. Apr. 16, 2024) (denying default judgment where copyright infringement claim was not sufficiently pled and where unfair competition claims were derivative of the copyright infringement claim); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third Eitel factors alone.").

defects can be cured, and to ensure that Plaintiff carries his burden on any subsequent motion for default judgment.

The second and third *Eitel* elements—the merits of the claims and the sufficiency of the complaint—are often analyzed together. *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, 2021 WL 4597080, at *3 (N.D. Cal. June 22, 2021), report and recommendation adopted, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). Plaintiff asserts claims for copyright infringement (17 U.S.C. § 106) and unfair competition/ trade practices (Cal. Bus. Code § 17200).

### a) Copyright Infringement Claim

To state a claim for direct copyright infringement, plaintiff "(1) must show ownership of the allegedly infringed material and (2) must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A & M Records, Inc. v. Napster*, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). Pursuant to Section 106 of the Copyright Act, a copyright owner has exclusive rights to reproduce the copyrighted works, prepare derivative works based on the copyrighted work, distribute copies of the copyrighted work to the public by sale or other ownership transfer, to publicly perform the copyrighted work, and to publicly display the copyrighted work. 17 U.S.C. § 106. The complaint "must include sufficient factual allegations that explain how defendant [] copied, displayed or distributed infringing copies" of the copyrighted work. *Miller v. Facebook, Inc.*, 2010 WL 1292708, at *3 (N.D. Cal. Mar. 31, 2010).

The Court has carefully reviewed the Complaint. As described above, the Complaint is not entitled to a liberal construction because even though Plaintiff is proceeding pro se, he is a licensed attorney. *See* Section III.B above. Even after accepting all well-pled factual allegations as true as required for default judgment motions, the Complaint does not allege sufficient facts to support a claim for infringement of Plaintiff's two copyrights. While the Complaint sufficiently alleges the first element, that Plaintiff owned two registered copyrights, the Complaint does not sufficiently allege how

Defendant copied, displayed, or distributed infringing copies. *See Akrura Pte. Ltd.*, 2024 WL 2982971 at *1; *Miller*, 2010 WL 1292708 at *3. The Complaint's allegations regarding infringement are bare. *See* Compl. ¶¶ 10, 19. It's not clear from the Complaint which of the two copyrights Plaintiff alleges Defendant copied or how the copyrighted work was copied. In addition, while the Complaint alleges that Plaintiff licensed both copyrighted works to Saint Mary's High School, there is no allegation regarding whether Defendant's alleged use of the copyrighted works had any connection to the licensee. *See* Compl. ¶ 7.

In the event that Plaintiff files a subsequent motion for default judgment on an amended complaint, Plaintiff is also reminded that allegations regarding damages are not deemed true at default and the plaintiff bears the burden to prove damages through some evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes.*, 559 F.2d at 560; *Penpower Tech.*, 627 F. Supp. 2d at 1093-94. Here, the motion for default judgment seeks judgment in the amount of $375,000, but not injunctive relief or other damages sought in the Complaint. *Compare* Pl. Mot. at 1 (seeking judgment in the amount of $375,000), *with* Compl. at 5 (seeking $375,000 in damages, disgorgement of profits, punitive (exemplary) damages, and an injunction). The motion provides no evidentiary support regarding the $375,000 in damages sought, including whether these are statutory damages or actual damages, or any explanation for how damages were calculated.

For copyright infringement, the copyright owner is entitled to "either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection [17 U.S.C. § 504](b); or (2) statutory damages, as provided by subsection [17 U.S.C. § 504(c)." 17 U.S.C. § 504(a). The Copyright Act provides for statutory damages of a minimum of $750 and a maximum of $30,000, unless the copyright owner proves willful infringement. 17 U.S.C. § 504(c)(1). Courts across the country have concluded that the number of statutory awards is based on the number of copyrighted works infringed, "not on the number of separate infringements." *Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1189-90 (9th Cir. 2016) (citing *Walt Disney Co. v.*

*Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990)); *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 394 (C.D. Cal. 2005) (in granting default judgment, awarding $750 statutory damages for each of eight copyright recordings, for a total of $6,000 in damages). For willful infringement, the court has discretion to increase the statutory damages award to an amount not more than $150,000. 17 U.S.C. § 504(c)(2).

In any subsequent motion for default judgment, Plaintiff must provide evidence for the damages sought and provide some explanation, including how the damages were calculated and whether Plaintiff is seeking statutory damages or actual damages for copyright infringement.

       b)  *Unfair Competition Claim*

The Complaint also alleges an unfair competition/ trade practices claim pursuant to California Business and Professions Code § 17200 based on Defendant's alleged infringement. Compl. ¶ 23 (claim based on "the conduct described above" in the Complaint). "Unfair competition law in California prohibits any unlawful, unfair or fraudulent business practices." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Under the second and third *Eitel* factors, this claim is insufficient as currently pled because Plaintiff's copyright claim preempts his unfair competition claim. *See Kodadek*, 152 F.3d at 1212 (plaintiff's Cal. Bus. & Prof. § 17200 claim preempted by copyright infringement claim); *Penpower Tech.*, 627 F. Supp. 2d at 1091-92 (N.D. Cal. 2008) (finding § 17200 claim preempted by copyright infringement claim where "[t]he Court can discern no 'qualitative' difference between the § 17200 claims and the copyright infringement claim.") (quoting *Kodadek*, 152 F.3d at 1212). Therefore, not only is default judgement on the unfair competition claim improper, but this claim is also dismissed without prejudice. If Plaintiff elects to file an amended complaint with a copyright infringement claim and a § 17200 unfair competition claim, the amended complaint must include allegations that establish that the unfair competition claim is not preempted by any copyright infringement claim.

/ / /

11

### IV. CONCLUSION

In conclusion, it is HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 14) is DENIED WITHOUT PREJUDICE;
2. The Complaint (ECF No. 1) is DISMISSED; and
3. Plaintiff is GRANTED LEAVE to file an amended complaint within thirty (30) days of this Order.

If Plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220. If Plaintiff does not timely file an amended complaint, this will result in a recommendation that this action be dismissed.

Dated: July 23, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE