UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR FRANK KOZINA,<br><br>    Plaintiff,<br><br>    v.<br><br>PONIE JACKSON,<br><br>    Defendant. | Case No. 2:23-cv-00201-DJC-CSK<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 37) |

Pending before the Court is Plaintiff Vladimir Frank Kozina's second motion for default judgment.[1] (ECF No. 37.) In the First Amended Complaint ("FAC"), Plaintiff asserts claims for copyright infringement and unfair competition/trade practices against Defendant Ponie Jackson a/k/a Ponie Ryan, seeking monetary damages, punitive damages, an injunction, and other relief. FAC (ECF No. 20). Pursuant to Local Rule 230(c) and (g), the Court submits the motion upon the record and briefs on file and VACATES the September 2, 2025 hearing. For the reasons that follow, the Court RECOMMENDS DENYING Plaintiff's second motion for default judgment with prejudice and DISMISSING Plaintiff's FAC without leave to amend.

/ / /

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(19).

1

## I. BACKGROUND

### A. Facts

As an initial matter, the Court notes that the FAC is exactly the same as the original Complaint. *Compare* FAC, *with* Compl. (ECF No. 1). The FAC alleges that Plaintiff has two registered copyrights: (1) VAU001378161, a graphic of a full-frontal ram created in 2007 and registered on August 12, 2019; and (2) VAU001381368, a visual graphic of a jumping ram in front of a letter block SM created in 2014 and registered on August 12, 2019. FAC ¶ 4. Plaintiff has licensed both copyrights through a charitable donation to Saint Mary's High School in Stockton, California, and has not licensed the copyrights to any other person or entity. *Id.* ¶ 7.

The Complaint further alleges that Defendant, an individual, falsely presents herself as a school photographer "to gain entry into [] various venues, including high schools, athletic events and other youth sports primarily in the Stockton and San Joaquin County area." *Id.* ¶ 9. Defendant allegedly has published and sold photographs and posters that have incorporated Plaintiff's copyrights "in excess of 500 times." *Id.* ¶ 10. Plaintiff first became aware of Defendant's alleged infringement in 2022, and sent Defendant a cease and desist letter on October 18, 2022. *Id.* ¶¶ 11-12. Defendant allegedly represented to consumers that her use of the copyrights was permitted, "induc[ing] members of the general public to purchase photographs, posters and other consumer goods" featuring the copyrighted works. *Id.* ¶ 14.

### B. Procedural Posture

Plaintiff filed the initial Complaint on January 31, 2023. (ECF No. 1.) Plaintiff is a licensed California attorney and represents himself in this matter.[2] *See, e.g.*, FAC at 1 (caption); 10/23/2023 Declaration of Vladimir F. Kozina at 1 (ECF No. 11); 4/3/2025 Declaration of Vladimir F. Kozina at 1 (ECF No. 29); 6/4/2025 Declaration of Vladimir F.

---

[2]  Though the docket refers to an individual named "Vladimir *Joseph* Kozina" at the same law office as Plaintiff (see Docket entry for ECF No. 11), only Plaintiff is identified as the attorney in all of Plaintiff's filings, not "Vladimir Joseph Kozina." *See* Docket.

2

1  Kozina at 1 (ECF No. 37 at 6). On February 1, 2023, the Clerk of the Court issued the
2  summons and filed a "Report on the Filing or Determination of an Action or Appeal
3  Regarding a Copyright" under 17 U.S.C. § 508. (EFC No. 4-3.)
4      On November 14, 2023, Plaintiff filed his first motion for default judgment. (ECF
5  No. 14.) The Court denied this motion without prejudice and dismissed Plaintiff's initial
6  Complaint with leave to amend on July 23, 2025. (ECF No. 19.) Plaintiff filed the exact
7  same complaint as the FAC on August 20, 2024, again asserting claims for copyright
8  infringement (17 U.S.C. § 106) and unfair competition/trade practices (Cal. Bus. & Prof.
9  Code § 17200) against Defendant. *See* FAC. Like the original complaint, the FAC seeks
10 statutory, compensatory, and punitive damages; disgorgement of profits; and an order
11 enjoining Defendant's use of the copyrights, among other relief. *Id.*
12     On August 20, 2024, Plaintiff filed a notice of summons returned unexecuted.
13 (ECF No. 22.) After three months of no case activity, on November 26, 2024 the District
14 Judge issued a minute order ordering Plaintiff to show cause why the case should not be
15 dismissed for failure to timely serve Defendant. (ECF No. 23.) On December 3, 2024,
16 Plaintiff filed a notice of execution of summons. (ECF No. 24.) This notice indicated that
17 on September 21, 2024, a third party process server served Defendant a copy of the
18 FAC and the civil case sheet by substituted service. *Id.* Defendant did not respond to the
19 Complaint or make an appearance. *See* Docket.
20     On December 4, 2024, the District Judge issued a minute order instructing
21 Plaintiff to advise the Court about the current posture of the case. (ECF No. 26.) Plaintiff
22 responded stating he intends to file a default, followed by a request for default judgment.
23 (ECF No. 27.) After no further action by Plaintiff, on March 21, 2025 the District Judge
24 ordered Plaintiff to show cause why the case should not be dismissed for failure to
25 prosecute. (ECF No. 28.) On April 3, 2025, Plaintiff filed a declaration stating that he filed
26 a request for judgment on the same day. (ECF No. 29; *see* ECF No. 30.)
27     On April 16, 2025, the undersigned issued a minute order denying Plaintiff's
28 request for judgment and informing Plaintiff that because he filed a FAC, he first needed

3

to request entry of default by the Clerk of the Court before he could file a motion for default judgment. (ECF No. 32.) On April 17, 2025, Plaintiff requested the Clerk enter default against Defendant. (ECF No. 33.) The Clerk entered default as to Defendant on May 6, 2025. (ECF No. 34.)

On June 4, 2025, Plaintiff filed the second motion for default judgment, and set it for hearing on August 27, 2025 before the undersigned. Pl. 2nd Mot. (ECF No. 37.) On the Court's own motion, the hearing was reset for August 12, 2025 (ECF No. 39), and after communication with Plaintiff, the hearing was again reset for September 2, 2025 (ECF No. 42).

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, this default does not automatically entitle the plaintiff to a judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citations omitted). The decision to grant or deny the entry of default judgment is within the district court's discretion. *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016).

In determining whether to enter default judgment, courts consider the following factors:

1. the possibility of prejudice to the plaintiff;
2. the merits of the substantive claim(s);
3. the sufficiency of the complaint;
4. the amount of money at stake in the lawsuit;
5. whether there are any disputes of material fact;
6. whether the defendant's default was due to excusable neglect; and
7. the strong policy favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Ninth Circuit has long disfavored default judgments, counseling that cases be decided on the merits "whenever reasonably possible. *Id*. at 1472.

Once a default is entered, all well-pled allegations in the complaint regarding liability are deemed true. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Further, a plaintiff's allegations regarding damages are not deemed true at default and the plaintiff bears the burden to prove damages through some evidence. *See* Fed. R. Civ. P. 55(b)(2)(C); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence. As there is no other evidence, aside from the factual allegation in the Complaint, that Defendants acted willfully, the Court cannot find that such was the case.") (internal citation omitted).

**III.   DISCUSSION**

Before turning to the default judgment motion, the Court first addresses three preliminary matters:  jurisdiction and the construction of the pleadings given that Plaintiff is a licensed attorney representing himself in this lawsuit.

**A.   Subject Matter Jurisdiction**

When default judgment is sought, the "district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707,

712 (9th Cir. 1999) (citations omitted). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under federal copyright law, 17 U.S.C. § 101, et seq. The Court has supplemental jurisdiction over the state law unfair competition claim under 28 U.S.C. § 1367, given the relatedness of the claims. *See* FAC. The Court's jurisdiction analysis is not a finding that the claims were sufficiently pled.

### B. No Liberal Construction of Pleadings

The Ninth Circuit has held that the liberal pleading standard typically afforded to pro se parties does not apply to pro se parties who are attorneys. *Huffman v. Lindgren*, 81 F.4th 1016, 1020-21 (9th Cir. 2023) ("The circuits that have reached the issue speak with one voice: they have uniformly declined to extend the liberal pleading standard to pro se attorneys."). Plaintiff is an attorney licensed in California, a fact that Plaintiff has submitted under oath in his declarations filed in support of his motion for default judgment. 10/24/2023 Kozina Decl. at 1; 12/4/2023 Kozina Decl. at 1. The FAC's caption also lists Plaintiff's state bar license number and law office. FAC at 1. Therefore, the Court reviews the pleadings in this case <u>without</u> the liberal construction afforded to pro se parties who are not attorneys. *See Huffman*, 81 F.4th at 1020-21.

### C. Default Judgment

#### 1. Service of FAC

In reviewing a motion for default judgment, the Court must determine whether defendant was properly served with the summons and complaint. Fed. R. Civ. P. 4(c). Plaintiff previously served Defendant on March 8, 2023 with the summons, and served Defendant with the FAC and "civil case sheet" by substituted service on September 21, 2024. Proof of Service (ECF No. 5); Proof of Service (ECF No. 24). Accordingly, Defendant was properly served.

#### 2. Deficient Motion for Default Judgment

Plaintiff's motion for default judgment is almost exactly the same as the first motion for default judgment that this Court already found to be deficient. (*See* ECF Nos.

14, 19.) Plaintiff's motion is three sentences long and has no argument, legal analysis, or citation to legal authority. *See* Pl. 2nd Mot.[3] The entire motion is presented here:

> Plaintiff, Vladimir Frank Kozina, moves the court pursuant to Rule 55(b) Federal Rules of Civil Procedure to enter Default Judgment in favor of Plaintiff, Vladimir F. Kozina, and against Defendant, Ponie Jackson AKA Ponie Ryan, in the amount of $375,000 on the ground that Default has been entered against Defendant by the Clerk for failure to answer or otherwise defend, a copy of which is attached hereto as **Exhibit A**.
>
> The Defendant is not in the Military Service of the United States as more particularly shown in the Affidavit of Vladimir F. Kozina attached hereto as **Exhibit B**.
>
> Judgment is requested accordingly.

Pl. 2nd Mot. (emphasis in original).

Courts, including this district court, regularly deny default judgment motions that are deficient. *See S.A. ex rel. L.A. v. Exeter Union Sch. Dist.*, 2009 WL 1953462, at *3 (E.D. Cal. July 7, 2009) (denying default judgment motion as deficient that contained no caselaw); *Szabo v. Southwest Endocrinology Assoc. PLLC*, 2021 WL 3411084, at *1 (D. Ariz. July 27, 2021) ("[M]otions for default judgment—at least successful ones—are typically fully developed, such that the Court has ... all that is necessary" to award relief.); *Studio 010 Inc. v. Digital Cashflow LLC*, 2024 WL 2274320, at *2 (W.D. Wash. May 20, 2024) ("Plaintiff's motion for default judgment contained *no* caselaw in support of Plaintiff's commercial disparagement claim, despite the fact that it was Plaintiff's "burden to demonstrate to the Court that under the pertinent law, [Plaintiff's] claims, as alleged, [we]re legally sufficient.") (emphasis in original) (internal quotation marks and citation omitted); *see also Very Music Inc. v. Kid Glove Prods., Inc.*, 2016 WL 6674991, at *3 (C.D. Cal. Apr. 28, 2016) (finding two-page motion with only one sentence of legal analysis insufficient to justify granting default judgment, and proceeding to analyze the

---

[3] The motion for default judgment also attaches a brief declaration from Plaintiff that he is a licensed attorney, the defendant is not in the United States military, judgment should be entered in the amount requested, and that Plaintiff is not seeking attorney fees. *See* 6/4/2025 Kozina Decl.

7

motion despite deficiency because defendants submitted a substantive opposition, and denying motion for default judgment). This is because "[i]t is the party's burden to demonstrate to the Court that under the pertinent law, the plaintiff's claims, as alleged, are legally sufficient." *S.A. ex rel. L.A.*, 2009 WL 1953462 at *3; *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (a sufficient basis for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim"); *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, 2022 WL 80324, at *2 (N.D. Ohio Jan. 7, 2022); *IOU Cent., Inc. v. Kailani Tours Hawaii, LLC*, 2021 WL 806340, at *2 (N.D. Ga. Feb. 24, 2021) ("A plaintiff's burden at the default judgment stage is 'akin to that necessary to survive a motion to dismiss for failure to state a claim.'") (quoting *Surtain*, 789 F.3d at 1245); *Garcia v. Client Resol. Mgmt., LLC*, 2020 WL 2732345, at *3 (S.D. Fla. May 26, 2020).

Here, it is clear that Plaintiff's second motion is again woefully deficient. Plaintiff, a licensed attorney, provides no legal analysis, no argument, and no legal authority in his three sentence-long motion. The law governing motions for default judgment is well-established and counsel was well aware of the consistently cited and applied *Eitel* factors where this Court expressly informed him of these factors and the deficiencies of Plaintiff's first motion for default judgment. *See Eitel*, 782 F.2d at 1471-72; 7/23/2024 Order (ECF No. 19). Plaintiff has failed to carry his burden. *See S.A. ex rel. L.A.*, 2009 WL 1953462 at *3; *Nat'l Auto Grp.*, 2022 WL 80324 at *2; *IOU Cent.*, 2021 WL 806340 at *2; *Garcia*, 2020 WL 2732345 at *3. The Court therefore denies Plaintiff's deficient motion for default judgment.

In the July 23, 2024 order denying Plaintiff's first motion for default judgment, Plaintiff was expressly warned that filing another deficient motion for default judgment would result in a recommendation that this lawsuit be dismissed. 7/23/2024 Order at 8. Accordingly, the Court recommends that Plaintiff's motion for default judgment be denied with prejudice, and recommends that this lawsuit be dismissed.

/ / /

3. *Eitel* Factors

Though the Court recommends denying the motion for default judgment and dismissing the lawsuit, the Court turns to the *Eitel* factors because its assessment of the *Eitel* factors leads the Court to conclude that the FAC, like the original complaint, is deficient.[4] In the Court's July 23, 2024 order, the Court dismissed the Complaint with leave to amend, noting that Plaintiff may have been able to cure the defects. 7/24/2024 Order at 8-9. However, rather than curing the defects, Plaintiff's FAC is exactly the same as the original Complaint. *Compare* FAC, *with* Compl. The Court therefore recommends dismissing the FAC without leave to amend because it is clear further amendment would be futile.

The second and third *Eitel* elements—the merits of the claims and the sufficiency of the complaint—are often analyzed together. *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, 2021 WL 4597080, at *3 (N.D. Cal. June 22, 2021), report and recommendation adopted, 2021 WL 4595128 (N.D. Cal. Oct. 6, 2021). Plaintiff asserts claims for copyright infringement (17 U.S.C. § 106) and unfair competition/trade practices (Cal. Bus. & Prof. Code § 17200).

a) Copyright Infringement Claim

To state a claim for direct copyright infringement, plaintiff "(1) must show ownership of the allegedly infringed material and (2) must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A & M Records, Inc. v. Napster*, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). Pursuant to Section 106 of the Copyright Act, a copyright owner has exclusive

---

[4] Even if the Court had not concluded that Plaintiff's motion for default judgment was deficient, the Court finds that the second and third *Eitel* factors are not established, which is sufficient grounds for denying a motion for default judgment. *See Akrura Pte. Ltd. v. Apero Techs. Group*, 2024 WL 2982971, at *1 (C.D. Cal. Apr. 16, 2024) (denying default judgment where copyright infringement claim was not sufficiently pled and where unfair competition claims were derivative of the copyright infringement claim); *GS Holistic, LLC v. Ravens Smoke Shop, Inc.*, 2023 WL 5504964, at *3 (C.D. Cal. July 10, 2023) ("[T]he Court may render judgment based on an assessment of the second and third Eitel factors alone.").

rights to reproduce the copyrighted works, prepare derivative works based on the copyrighted work, distribute copies of the copyrighted work to the public by sale or other ownership transfer, to publicly perform the copyrighted work, and to publicly display the copyrighted work. 17 U.S.C. § 106. The complaint "must include sufficient factual allegations that explain how defendant [] copied, displayed or distributed infringing copies" of the copyrighted work. *Miller v. Facebook, Inc.*, 2010 WL 1292708, at *3 (N.D. Cal. Mar. 31, 2010).

The Court has carefully reviewed the FAC. As described above, the FAC is not entitled to a liberal construction because even though Plaintiff is proceeding pro se, he is a licensed attorney. *See* Section III.B above. Even after accepting all well-pled factual allegations as true as required for default judgment motions, the FAC does not allege sufficient facts to support a claim for infringement of Plaintiff's two copyrights. While the FAC sufficiently alleges the first element, that Plaintiff owned two registered copyrights, the FAC does not sufficiently allege how Defendant copied, displayed, or distributed infringing copies. *See Akrura Pte. Ltd.*, 2024 WL 2982971 at *1; *Miller*, 2010 WL 1292708 at *3. The Complaint's allegations regarding infringement are bare. *See* FAC ¶¶ 10, 19. It is not clear from the FAC which of the two copyrights Plaintiff alleges Defendant copied or how the copyrighted work was copied. In addition, while the FAC alleges that Plaintiff licensed both copyrighted works to Saint Mary's High School, there is no allegation regarding whether Defendant's alleged use of the copyrighted works had any connection to the licensee. *See* FAC ¶ 7.

         b)  Unfair Competition Claim

The FAC also alleges an unfair competition/trade practices claim pursuant to California Business and Professions Code § 17200 based on Defendant's alleged infringement. FAC ¶ 23 (claim based on "the conduct described above" in the Complaint). "Unfair competition law in California prohibits any unlawful, unfair or fraudulent business practices." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Under the second and third *Eitel* factors, this claim is insufficient as

currently pled because Plaintiff's copyright claim preempts his unfair competition claim. *See Kodadek*, 152 F.3d at 1212 (plaintiff's Cal. Bus. & Prof. § 17200 claim preempted by copyright infringement claim); *Penpower Tech.*, 627 F. Supp. 2d at 1091-92 (N.D. Cal. 2008) (finding § 17200 claim preempted by copyright infringement claim where "[t]he Court can discern no 'qualitative' difference between the § 17200 claims and the copyright infringement claim.") (quoting *Kodadek*, 152 F.3d at 1212)). Therefore, not only is default judgement on the unfair competition claim improper, but this claim should also be dismissed without leave to amend.

## IV.  CONCLUSION

In conclusion, it is ORDERED that the September 2, 2025 hearing is VACATED.

Further, it is RECOMMENDED that:

1. Plaintiff's second motion for default judgment (ECF No. 37) be DENIED WITH PREJUDICE;
2. The First Amended Complaint (ECF No. 20) be DISMISSED without leave to amend; and
3. The Clerk of the Court is directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 18, 2025

5, kozi.0201.23

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE